# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME DRISCOLL,<br><br>    Petitioner,<br><br>    v.<br><br>R. FISHER, JR.,<br><br>    Respondent. | Case No. 1:20-cv-00602-DAD-EPG-HC<br><br>ORDER DENYING PETITIONER'S REQUEST TO APPOINT COUNSEL<br><br>(ECF No. 20) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a request to appoint counsel. (ECF No. 20).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed to prepare the traverse because the facility in which Petitioner is housed is experiencing a major outbreak of COVID-19 cases.

1

1 Quarantine measures have been put in place that restrict access to the law library. Petitioner has
2 been assisted in this case by another inmate, and the two have been separated due to the
3 quarantine. (ECF No. 20).

4     Upon review of the petition and other documents submitted in this matter, the Court finds
5 that with the assistance of other inmates, Petitioner appears to have a sufficient grasp of his
6 claims and the legal issues involved and that he is able to articulate those claims adequately. The
7 Court also notes that the filing of a traverse is not required. Here, the legal issues involved are
8 not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits
9 such that the interests of justice require the appointment of counsel at the present time.

10     Accordingly, IT IS HEREBY ORDERED that Petitioner's request to appoint counsel
11 (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: **October 8, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE