UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME DRISCOLL,<br><br>    Petitioner,<br><br>    v.<br><br>R. FISHER, JR.,<br><br>    Respondent. | No. 1:20-cv-00602-DAD-EPG (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS,</u><br><br>(Doc. No. 25) |

Petitioner Jerome Driscoll is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 12, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be denied. (Doc. No. 25.) Specifically, the magistrate judge concluded that petitioner was not entitled to federal habeas relief with respect to his ineffective assistance of counsel claims, on the merits, because he had failed to demonstrate that either his trial counsel or his appellate counsel acted outside the range of reasonable professional assistance. (*Id.* at 15–17.) The magistrate judge also found petitioner's remaining claims to not be cognizable in this federal habeas proceeding because they were merely claiming error in the state oust-conviction review process. (*Id.* at 18.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within

thirty (30) days after service. (*Id.* at 19.) After receiving several extensions of time to do so, petitioner filed timely objections. (Doc. No. 30.)

In his objections, petitioner argues that his trial counsel's failure to contest the joinder of two cases for purposes of his criminal trial was sufficient to establish ineffective assistance of counsel. (*Id.*) The assigned magistrate judge found that petitioner raised his ineffective assistance of counsel claims in all of his state habeas petitions and reviewed petitioner's claim on the merits applying the deferential standard of review under the AEDPA. (Doc. No. 25 at 14.) The undersigned finds the magistrate judge's analysis to be well reasoned. Petitioner's objections to the pending findings and recommendations are therefore unpersuasive.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes the pending findings and recommendations to be supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The findings and recommendation issued on February 12, 2021 (Doc. No. 25) are adopted;
2. The petition for writ of habeas corpus is denied;
3. The Clerk of the Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **September 5, 2021**

UNITED STATES DISTRICT JUDGE